O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SUSAN BILISKI,<br><br>            Plaintiff,<br><br>       v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>            Defendant. | Case No. CV 15-00783-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Susan Biliski ("Plaintiff") appeals the final decision of the Administrative Law Judge ("ALJ") denying her application for disability benefits. The Court concludes that the ALJ gave specific and legitimate reasons for rejecting the treating physician's opinion. The Commissioner's decision is therefore affirmed and the matter is dismissed with prejudice.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed an application for Social Security Disability Insurance Benefits on January 16, 2013, alleging disability beginning June 1, 2012. Administrative Record ("AR") 136-139. In an unfavorable decision, the ALJ

found that Plaintiff had the severe impairments of osteoarthritis in both hands, Morton's neuroma of the right foot, and obesity, but concluded that Plaintiff was not disabled because she was capable of performing her past work as an in-home care attendant despite her impairments. AR 13-17.

## II.
## ISSUE PRESENTED

The parties dispute whether the ALJ erred in addressing and rejecting the opinion of Plaintiff's treating physician. Joint Stipulation ("JS") at 4.

## III.
## DISCUSSION

Three types of physicians may offer opinions in Social Security cases: those who directly treated the plaintiff, those who examined but did not treat the plaintiff, and those who did not treat or examine the plaintiff. See 20 C.F.R. § 404.1527(c); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion is generally entitled to more weight than that of an examining physician, which is generally entitled to more weight than that of a non-examining physician. Lester, 81 F.3d at 830. Thus, the ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion or an examining physician's opinion in favor of a non-examining physician's opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester, 81 F.3d at 830-31. If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester, 81 F.3d 821, 830 (9th Cir. 1996) (citing Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991)). However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

The factors to be considered by the adjudicator in determining the weight to give a medical opinion include: "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. Orn, 495 F.3d at 631; see also 20 C.F.R. § 404.1527(d)(2)(i)-(ii).

Plaintiff contends that the ALJ erred by failing to articulate specific and legitimate reasons for rejecting the opinion of Plaintiff's treating physician, Dr. Rebecca Berke. JS at 4. The ALJ discussed Dr. Berke's treating opinion as follows:

> In this regard, the undersigned notes that an assessment has been submitted from Dr. Berke dated November 6, 2013, contending that the claimant cannot perform a full range of even sedentary work (Exhibit 4F). The undersigned does not give this assessment controlling weight, as it is clearly not supported by the treating records or objective medical findings (20 CFR 404. 1527(d) and Social Security Ruling 96-2p).

AR 16.

The ALJ's conclusion that the treating records do not support Dr. Berke's assessment was based on several observations the ALJ made about Plaintiff's medical records. The ALJ noted that Plaintiff's "examinations have uniformly shown a good range of motion in her hands, wrists, and right foot." Id. On June 1, 2012, the day Plaintiff alleges disability began, Dr. Berke examined Plaintiff and noted a "normal range of motion in the right elbow and right wrist, with some lateral epicondyle tenderness." AR 15 (citing AR 198). Dr. Berke found no deformities or swelling in the hands, no significant deformities in the right foot, and assessed that Plaintiff had normal grip strength in her hands. Id. On April 26, 2013, Plaintiff was again examined and found to have full range of joint motion with only mild tenderness. AR 15

(citing AR 325). On October 7, 2013, Dr. Merra Reddy examined Plaintiff and noted a normal range of motion with no swelling in either her hands or feet. AR 15 (citing AR 384-85). The ALJ expressly discussed all of these treating records.

Furthermore, the ALJ's conclusion that objective medical findings did not support Dr. Berke's assessment was based on the ALJ's analysis of Plaintiff's x-rays and other objective findings. The ALJ noted that although x-rays taken in April 2013 indicated considerable degenerative changes of the first carpomentacarpal joint with abnormal calcifications in both index fingers, there were no other objective findings in the record to establish the degree of disability that Plaintiff alleges. See AR 16. Moreover, the ALJ emphasized the consultative orthopedic evaluation by Dr. Jonathan Kurland on March 14, 2013, in which Dr. Kurland concluded that Plaintiff had no functional limitations. AR 16 (citing AR 280). The evaluation was "almost entirely within normal limits," and Dr. Kurland indicated that Plaintiff had some pain but was able to move around the room without much difficulty and did not require a cane to ambulate. AR 280.

Plaintiff claims that the ALJ failed to articulate specifically why "her interpretation is correct and not Dr. Berke's interpretation." JS at 9. However, the ALJ discussed Dr. Kurland's findings, the benign results reflected in Plaintiff's treatment records, and the absence of objective clinical findings as evidence that directly refuted Dr. Berke's diagnosis that Plaintiff is unable to do even minimal basic daily activities. AR 15-16; see Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) ("Where the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the providence of the ALJ to resolve the conflict." (citation

omitted)).

Furthermore, Dr. Berke's November 6, 2013 evaluation is a two-page report in which the doctor checked off pre-printed choices and did not provide any elaboration or explanation for her opinions. AR 283-84. It was reasonable for the ALJ to refuse to give significant weight to this opinion. See Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (holding that ALJ permissibly rejected "check-off reports that did not contain any explanation of the bases of their conclusions"); see also Murray v. Heckler, 722 F.2d 499, 501 (9th Cir.1983) (expressing preference for individualized medical opinion over check-off reports). Nor does Plaintiff cite any other medical records to support Dr. Berke's finding of extreme functional limitations.

In sum, the Court finds that the ALJ offered specific, legitimate reasons supported by substantial evidence in the record for refusing to give Dr. Berke's findings controlling weight. See Lester, 81 F.3d at 830-31. Remand is not warranted on Plaintiff's claim of error.

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: September 18, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge